# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DISTRICT

|  |  |
|---|---|
| ANDY MONTANEZ, | ) |
| Plaintiff, | ) |
| v. | ) No: 1:10-cv-04708 |
| CHICAGO POLICE OFFICERS Fico (Star #6284), Simon (Star #16497), and THE CITY OF CHICAGO | ) |
| Defendants. | ) **JURY DEMANDED** |

## CIVIL COMPLAINT

NOW COMES the Plaintiff Andy Montanez, by and through his attorneys, Barbara C. Long and Shiller Preyar Law Offices, complaining of Defendants, and in support thereof states as follows:

### INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, the Fourteenth Amendment of the United States Constitution, and under the law of the State of Illinois against Defendants Chicago Police Officers Fico (Star #6284), Simon (Star #16497), and the City of Chicago, for committing acts under the color of law and depriving Plaintiff of rights secured by the Constitution and laws of the United States and additional state claims.

2. As a result of the Defendants' police misconduct more fully described below, Defendants unlawfully used excessive force and Mr. Montanez, causing him harm.

## JURISDICTION

3. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction for state claims as provided in 42 U.S.C. § 1367(a).

## VENUE

4. Venue is proper pursuant to 28 U.S.C. § 1391(b). The events alleged within all occurred in the Northern District of Illinois.

## THE PARTIES

5. Andy Montanez is a United States citizen who resides in the Northern District of Illinois.

6. Defendant Chicago Police Officers Fico (Star #6284) and Simon (Star #16497) (referred to herein as "Defendant Officers") are present or former employees of the City of Chicago Police Department. The Defendant Officers engaged in the conduct complained of while on duty and in the course and scope of their employment and under color of law. Defendant Officers are sued in their individual capacities.

7. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers. At all times relevant hereto, all Defendants were acting under the color of law and within the scope of their employment with Defendant City of Chicago.

## BACKGROUND

8. On March 20, 2009, Mr. Montanez was arrested for drinking alcohol on the public way.

9. The arrest occurred several hours after Mr. Montanez had attended the funeral of a loved one.

10. While being transported to the 25th District lockup, Mr. Montanez had a verbal altercation with Defendant Officers.

11. While parked outside of the 25th District, Defendant Officers punched Mr. Montanez in the face and inflicted other bodily harm upon him while he was handcuffed and helpless.

12. Mr. Montanez was knocked unconscious because of the bodily harm inflicted upon him. He woke up hours later at the 25th District with a hospital bracelet on.

13. Mr. Montanez suffered fractures to his nose and left cheekbone as a result of the Defendant Officers' actions.

14. Defendant Fico signed a criminal complaint charging Mr. Montanez with aggravated battery to a police officer.

## COUNT I

### 42 U.S.C. § 1983 - Excessive Force

15. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

16. The Defendant Officers inflicted violence upon Mr. Montanez that was excessive, unnecessary, and grossly disproportionate to the need for action under the circumstances.

17. When inflicting violence upon Ms. Montanez, the Defendant Officers were acting "under color of state law."

18. The actions of the Defendant Officers in inflicting violence upon Mr. Montanez were willful, intentional, malicious, and/or done with a reckless indifference to and callous disregard for Mr. Montanez's rights, amounting to an abuse of power that shocks the conscience.

19. As a result of the excessive force inflicted by the Defendant Officers, Mr. Montanez sustained physical injuries as well as emotional damages and suffering.

WHEREFORE, Plaintiff Montanez, demands judgment against the Defendant Officers, jointly and severally, for compensatory damages, punitive damages, costs, and attorneys' fees, lost wages, medical expenses, and such other and additional relief as this court deems equitable and just.

## COUNT II

## 42 U.S.C. § 1983 – Failure to Intervene

20. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

21. The Defendant Officers had a reasonable opportunity to prevent the excessive force against Mr. Montanez, but failed to do so.

22. As a result of the Defendant Officers failure to intervene, Mr. Montanez suffered physical and emotional injuries.

23. This misconduct was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Mr. Montanez's rights.

24. This misconduct was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, the City of Chicago, is liable for those actions.

WHEREFORE, Plaintiff Montanez, demands judgment against the Defendant Officers, jointly and severally, for compensatory damages, punitive damages, costs, and attorneys' fees, lost wages, medical expenses, and such other and additional relief as this court deems equitable and just.

## COUNT III

### State Claim - Intentional Infliction of Emotional Distress

25. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

26. The acts and conduct of Defendant Officers, as set forth above, was extreme and outrageous.

27. In particular, the conduct of Defendant Officers in inflicting bodily harm upon Mr. Montanez while he was handcuffed and posing no threat placed Mr. Montanez in a state of anxiety, fear, and humiliation and caused physical pain and severe emotional distress.

28. Defendant Officers intended to cause, or was in reckless disregard of the probability that their conduct would cause severe emotional distress to Mr. Montanez.

29. The conduct of the Defendant Officers was undertaken with malice, willfulness, and reckless indifference to the rights of Mr. Montanez.

30. Said actions and conduct caused Mr. Montanez extensive grief and suffering by the unwarranted excessive force in light of the fact Defendant Officers knew that Mr. Montanez had been arrested within hours of attending a funeral and beat him while he was handcuffed.

WHEREFORE, Plaintiff Montanez, demands judgment against the Defendant Officers, jointly and severally, for compensatory damages, punitive damages, costs and attorneys' fees, lost wages, medical expenses, and such other and additional relief as this court deems equitable and just.

## COUNT IV

### State Assault Claim

31. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

32. Acting under color of law, the Defendant Officers denied Mr. Montanez's rights by assaulting him.

33. Mr. Montanez believed that he was in danger of being battered by the Defendant Officers.

34. Ms. Montanez is a reasonable person.

35. Any reasonable person would also have become apprehensive in the face of the Defendant Officers' threatening conduct.

36. The Defendant Officers' conduct that resulted in this assault was undertaken with malice, willfulness, and reckless indifference to Mr. Montanez's rights.

WHEREFORE, Plaintiff Montanez, demands judgment against the Defendant Officers, jointly and severally, for compensatory damages, punitive damages, costs, and attorneys' fees, lost wages, medical expenses, and such other and additional relief as this court deems equitable and just.

## COUNT V

### State Battery Claim

37. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

38. Without the consent of Plaintiff, the Defendant Officers intentionally, harmfully, and offensively touched Mr. Montanez by using excessive force to seize and arrest him.

39. The Defendant Officers' conduct that resulted in this battery was undertaken with malice, willfulness, and reckless indifference to Mr. Montanez's rights.

WHEREFORE, Plaintiff Montanez, demands judgment against the Defendant Officers, jointly and severally, for compensatory damages, punitive damages, costs, and attorneys' fees, lost wages, medical expenses, and such other and additional relief as this court deems equitable and just.

## COUNT VI

### State Indemnity Claim - 745 ILCS 10/9-102

40. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

41. In committing the acts alleged, the Defendant Officers were members and agents of the Chicago Police Department, acting at all relevant times within the scope of their employment.

42. Defendant City of Chicago is the employer of the Defendant Officers.

43. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

44. As a proximate cause of Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Mr. Montanez suffered physical and emotional injuries.

WHEREFORE, Plaintiff Montanez, demands judgment against the Defendant Officers, jointly and severally, for compensatory damages, punitive damages, costs, and attorneys' fees, lost wages, medical expenses, and such other and additional relief as this court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

s/ Barbara C. Long
  Barbara C. Long

Shiller*Preyar Law Offices
4554 N. Broadway, Suite 325
Chicago, IL 60640
(773) 907-0940