# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sheila Finnegan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4708 | **DATE** | 6/6/2012 |
| **CASE TITLE** | Andy Montanez vs. Fico, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's Motion in Limine to Bar Argument or Evidence of Expert Opinions from Plaintiff's Treating Personnel [78] is denied.

■ [ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

On March 21, 2009, Plaintiff received medical treatment for injuries he sustained when Defendants Fico and Simon arrested him. Plaintiff deposed one of those treaters, Dr. Robert Schwaner, on November 23, 2011, and was able to question him about his medical records, observations, and course of treatment. On April 5, 2012, nearly two months after the February 10, 2012 expert disclosure date, Defendants sought to reclassify Dr. Schwaner as a non-retained expert under Rule 26(a)(2), rather than a witness under Rule 26(a)(1). *See Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004) ("[T]reating physicians . . . must be designated as experts if they are to provide expert opinions."). Plaintiff objects that it is too late to designate Dr. Schwaner as an expert in this case, and that his opinions are inadmissible under Federal Rule of Civil Procedure 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). The Court rejects both arguments.

### Discussion

**A.  Timeliness**

Though Defendants waited until after the expert disclosure date to identify Dr. Schwaner as a Rule 26(a)(2) expert, Plaintiff still had two months to address the new designation before trial. Yet he did nothing except file this motion in limine on May 29, 2012. On these facts, Plaintiff's assertion that he "may have sought his own expert to contradict Dr. Schwaner" rings hollow. (Doc. 78 ¶ 6).

In addition, Defendants confirmed at the Final Pretrial Conference on June 5, 2012 that the testimony they intend to elicit from Dr. Schwaner will cover the following matters that arguably constitute expert opinions:

1. His belief, based on his knowledge and experience as an ER physician and his personal observation of Plaintiff on March 21, 2009, that Plaintiff was "clinically intoxicated" and "diffusely ataxic";

2. His administration of IV fluids to Plaintiff to treat the intoxication; and

3. Plaintiff's consciousness during the ER visit.

Dr. Schwaner already testified to all of these topics during his November 23, 2011 deposition, and most of this information is contained in the medical records. Plaintiff will not suffer any harm or prejudice if Dr. Schwaner is allowed to testify regarding these issues for purposes of trial. *See, e.g., Osuji v. City of Chicago*, No. 02 C 4199, 2005 WL 1799277, at *7 (N.D. Ill. July 26, 2005) (failure to disclose doctors as Rule 26(a)(2) experts was "harmless error" where "the City deposed both doctors and kn[ew] the substance of their testimony.").

**B.    Rule 702 and *Daubert***

Plaintiff also argues that Dr. Schwaner's opinions are barred by Rule 702 and *Daubert*, which require the court to ensure that expert testimony is both relevant and reliable. To do so, the court must "ascertain whether the expert is qualified, whether his or her methodology is scientifically reliable, and whether the testimony will 'assist the trier of fact to understand the evidence or to determine a fact in issue.'" *Bielskis v. Louisville Ladder, Inc.*, 663 F.3d 887, 893 (7th Cir. 2011). Plaintiff concedes that Dr. Schwaner is qualified to give opinions, but disputes his methodology for determining that Plaintiff was "clinically intoxicated" and "diffusely ataxic." (Doc. 78 ¶ 18). Plaintiff also objects that these opinions will not assist the trier of fact to understand evidence or determine a fact in issue in this case. (*Id*. ¶ 21). The Court disagrees.

First, Dr. Schwaner will not be testifying about causation or prognosis, but about his personal observations of Plaintiff during the course of treatment. This includes Plaintiff's slurred speech, uncoordinated movements, lack of cooperation, and heart rate change which can be caused by dehydration from alcohol. Given Dr. Schwaner's training and experience in treating intoxicated individuals, there is nothing improper about his assessment that Plaintiff was intoxicated based on these observed conditions.

Second, the testimony will assist the jury because though Plaintiff admits he was drinking on the date in question, he has denied that he was intoxicated or treated for alcohol-related illness. Dr. Schwaner's opinion directly addresses this issue and is therefore relevant and admissible as to Plaintiff's truthfulness (at issue because he will testify). Further, Plaintiff's state of intoxication is relevant to his ability to remember the events of the night in question, his allegedly combative behavior, and the reasonableness of the force Officer Fico used to subdue him.

### Conclusion

For the reasons stated above, Plaintiff's Motion in Limine No. 19 is denied.