# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sheila Finnegan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4708 | **DATE** | 6/11/2012 |
| **CASE TITLE** | Andy Montanez vs. Fico, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motions in limine [55] [56] [57] [58] [59] [60] [61] [62] [63] [64] [65] [66] [67] [68] [69] [70] [72] [73] [74] [75] and Defendants' motions in limine [71] are ruled upon as stated previously in open court. The Statement portion of this Minute Order sets forth a summary of those rulings.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

**Plaintiff's Motions in Limine**

1. Motion to Bar Argument or Evidence that Defendants Will Endure Financial Hardship if Plaintiff is Awarded Any Damages [55]

   This motion is granted without objection.

2. Motion to Bar All Reference to, or Arguments Based on, Improper Financial Considerations [56]

   This motion is granted without objection. Defendants' request for a jury instruction on attorney's fees is reserved for trial.

3. Motion to Bar Evidence or Argument of Awards, Commendations, and Other Improper Bolstering [57]

   This motion is denied. If Defendants believe the door to such evidence has been opened, they must front it with the Court before seeking to use it at trial.

4. Motion to Bar Reference to Circumstances Under Which Attorneys for Plaintiff were Retained [58]

   This motion is granted without objection.

5. Motion to Bar Reference or General Argument that Seeks to "Heroize" Police Officers in General [59]

**STATEMENT**

This motion is granted as to the following arguments concerning police officers generally:

A. Police officers do not falsely arrest people for no reason;
B. Police officers do not maliciously prosecute people for no reason;
C. Police officers do not use excessive force against people for no reason;
D. Police officers are heroes;
E. Police officers risk their lives every day;
F. Police officers serve and protect you;
G. Police officers get up every morning to face dangerous situations/fight criminals/protect us; and
H. Police officers would never risk their careers by doing what Plaintiff alleges.

6. <u>Motion to Allow Plaintiff to Call Non-Party City of Chicago Employees as Adverse Witnesses Pursuant to FRE 611(c) [60]</u>

This motion is denied. The only witness Plaintiff identified as falling into this category is Evidence Technician Cheryl Dust. The Court declines to find that she will be adverse based simply on the fact that she is (or was) employed by the Chicago Police Department. Plaintiff may renew the motion at trial if he is able to offer additional bases in support.

7. <u>Motion to Bar Use of or Reference to Plaintiff's Unverified Complaint [61]</u>

This motion is denied, and Defendants may cross-examine Plaintiff as to any allegations made in his complaint. Though the complaint is not verified, the allegations were written by Plaintiff's counsel operating under their Rule 11 duty, and it is fair to hold Plaintiff to them. Plaintiff is free to explain any difference between his testimony and those allegations. *See Richardson v. City of Chicago*, No. 08 C 4824, Doc. 307, at 4.

8. <u>Motion to Bar Argument that a Finding of Liability will Mar Defendants' Exemplary or Distinguished Record [62]</u>

This motion is granted without objection.

9. <u>Motion to Bar Argument or Evidence of Plaintiff's Criminal Convictions and Arrests [63]</u>

Plaintiff moves to bar any reference at trial to his (1) several arrests, (2) a misdemeanor conviction, and (3) several felony convictions. The motion is granted in part and denied in part. Defendants are barred from eliciting evidence of Plaintiff's arrests and misdemeanor conviction, as well as all felony convictions except two: the 2009 conviction for aggravated battery, and the 2008 conviction for possession of a controlled substance. As to the latter conviction, Defendants may only reference this as a "felony" conviction.

A. <u>2009 Aggravated Battery Conviction</u>

As an initial matter, Plaintiff's motion *in limine* 9 did not seek to bar the 2009 aggravated battery conviction. Instead it stated that the battery conviction arose from "this incident" (the interaction with Defendants Fico and Simon), and that Plaintiff would address the admissibility of the conviction "in response to Defendants' expected motion in limine on the issue, or with a proposed jury instruction." (Doc. 63 at 3,

**STATEMENT**

n.1). He did not do so, however, either in the jury instructions or in "Plaintiff's Combined Response to Defendants' Motions in limine."[1] During the Final Pretrial Conference on June 5, 2012, the Court inquired as to Plaintiff's position on the 2009 conviction and Plaintiff argued that it should be excluded. Tr. 6/5/2012, at 71. Subsequently, both Plaintiff and Defendants submitted briefing on the issue. *See* Plaintiff's Memorandum of Law on Why the Factual Basis From a Guilty Plea is Not Admissible Either as Impeachment or Under the Heck Doctrine (Doc. 89), and Defendants' response (Doc. 92).

Defendants argue that the 2009 aggravated battery conviction "is not simply a prior conviction for purposes of truthfulness (although it is that), this is a set of actions and statements by the Plaintiff regarding the underlying facts of the case...." (Doc. 92, at 2). The Court agrees.

Arrest on March 20, 2009: By way of background, Defendant Officers Fico and Simon arrested Plaintiff and another person, Efrain Nunez, on March 20, 2009 for drinking on the public way. The officers then handcuffed the men and transported them to the police station. When Defendant Fico opened the rear car door next to where Plaintiff was sitting, the two made physical contact. There is a dispute as to exactly what transpired, with Plaintiff and Defendants offering starkly different versions of events. The jury will need to determine what happened when Defendant Fico opened the rear car door and assess the truthfulness of Plaintiff and Defendants.

Guilty Plea on May 13, 2009: What is not in dispute is that the day after the incident, Plaintiff was charged with aggravated battery against Defendant Fico and, on May 13, 2009, he stated that he was "guilty" of that criminal offense. The indictment charged that Plaintiff:

> knowingly or intentionally, without legal justification caused bodily harm to Vince Fico, to wit: kicked Vince Fico about the body, knowing Vince Fico to be an officer of a unit of local government, to wit: a peace officer of the City of Chicago Police Department, while Vince Fico was engaged in the performance of his authorized duties as such an officer.

(Doc. 89-2). According to the transcript of the guilty plea, Plaintiff appeared with an attorney who first requested a "402 conference" with the Court. The judge explained to Plaintiff what this was:

> It's a conference between your attorney, the State's Attorney and the Court, where I hear the facts and circumstances surrounding this case with an effort to try to determine an appropriate sentence in exchange for a plea of guilty. During the conference, not only will I hear the facts and circumstances around your case, but I'll also learn about you ... anything that either side believes would be relevant for me to consider in determining what an appropriate sentence would be.
>
> At the conclusion of the conference, I'll tell your attorney what I believe the appropriate sentence would be. After you've had a chance to speak with them, you'll make a decision – either you'll accept what I recommend, plead guilty and receive the sentence; or you may reject it and have a trial.

(Doc. 89-1, at 2-3).

Since Plaintiff acknowledged that he understood what a 402 conference was and wanted the judge to participate in one, the conference was held. (*Id.* at 3). The parties then went back on the record and the judge asked Plaintiff how he pleaded as to the "single count of aggravated battery." Plaintiff responded:

"Guilty." (*Id.* at 4). Plaintiff also acknowledged that he had a right to go to trial in lieu of pleading guilty, and confirmed that no one had promised him anything to give up his right to trial. (*Id.* at 4-5). The judge described the range of the sentence that could be imposed, including fines and penalties, and asked if Plaintiff understood. Plaintiff answered "yes." (*Id.* at 5-6).

After this, the judge asked for a "very brief factual basis." The prosecutor responded:

> If this case were to go to trial, the evidence will show that on [March] 21, 2009, at 5555 W. Grand Avenue, Officer Flacco (sic) would testify that at that location, on the time and date that he was ... placing [Plaintiff] under arrest for drinking in a public way, transporting [Plaintiff] to the 25th District; that when [Plaintiff] was being removed from the transporting vehicle, he kicked Officer Flacco in the groin with both feet as Officer Flacco opened the rear side door to let [Plaintiff] out of the vehicle. Officer Flacco suffered harm as a result of the injury.

(*Id.* at 6-7). Plaintiff's counsel then volunteered: "Stipulate that would be the State's proof." (*Id.* at 7). At this point, the Judge accepted the guilty plea and entered judgment. The judge also terminated Plaintiff's probation as unsatisfactory in another case (the 2008 conviction for possession of a controlled substance). (*Id.* at 7-8).

Prior to imposing sentence, the judge offered the parties an opportunity to submit evidence in aggravation or mitigation, but both declined and said they would "rest on the agreement." (*Id.* at 8). The judge also gave Plaintiff an opportunity to speak before sentence was imposed and he did so, thanking his attorney and speaking with his mother and girlfriend. (*Id.* at 9). After this, the judge imposed a sentence of three years' custody with credit for 212 days served. He also imposed $650 in fines, fees and costs. (*Id.*).

<u>Civil Lawsuit and Deposition in 2010</u>: Approximately 14 months later, on March 9, 2010, Plaintiff filed a civil lawsuit alleging that Officer Fico used excessive force against him. The complaint alleged that the defendant officers punched Plaintiff in the face and inflicted other bodily harm while he was handcuffed and helpless. (Doc. 1, at 3). It said he was "knocked unconscious" and woke up hours later at the police station with a hospital bracelet on. (*Id.*)

During a deposition, Plaintiff testified: "When they opened the door, I tried to get out of the car and he just punched me. ... I was trying to – when he opened the door, I was trying to swing my leg out to step out of the car, and that's when he took a punch into my face." Tr. 46-47. Plaintiff denied making any contact with Officer Fico prior to swinging his leg out of the car to get out. Tr. 49. He also said he did not make contact with Officer Fico until after he had been punched twice. Tr. 50. When asked to describe the "contact" that he made with the officer, Plaintiff responded: "My foot hit his leg." Tr. 51. Plaintiff then described his recollection of what happened after the second punch. He said Officer Fico grabbed his leg a little bit and slid him out of the car a little bit. Tr. 53. The officer then grabbed Plaintiff by the arm and pulled him out of the car and then threw him to the floor. After this, he allegedly kicked Plaintiff a couple of times. Tr. 54.

Plaintiff specifically denied kicking Officer Fico in the groin, and said he never struggled with the officer at all. Tr. 66. He acknowledged, however, that he had admitted to kicking him in the groin during his guilty plea:

> Q: As part of that plea, you admitted to battering Officer Fico, right?

    A:  Yes.
    Q:  Admitted to kicking him in the groin?
    A:  Yes.

Tr. 70. When asked why he had agreed to plead guilty, Plaintiff said he wanted to be released faster and was on probation for possession of a controlled substance and faced eight years for violating the probation. Tr. 69.[2]

    <u>Use of Aggravated Battery Conviction at Trial</u>: At trial, Defendants plan to elicit that Plaintiff was convicted of aggravated battery in order to attack Plaintiff's character for truthfulness under Fed. R. Evid. 609. Under that rule, evidence that Plaintiff has been convicted of a crime punishable by imprisonment for more than one year "must be admitted, subject to Rule 403, in a civil case." The aggravated battery conviction satisfies this requirement and the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. There is no need to sanitize the conviction by calling it a "felony" instead of "aggravated battery" since the facts surrounding this conviction are admissible for other reasons discussed below.

    Defendants will also offer at trial, as admissions of a party opponent, Plaintiffs' statements during the guilty plea proceeding, most significantly his statement that he was "guilty" of what the judge described as "Aggravated Battery, which is a Class II Felony." They also seek to admit the factual circumstances surrounding that guilty plea such as: (a) he was told by the judge that he had the option of not pleading guilty and going to trial; (b) he stated that he understood the sentencing range, which was three to seven years incarceration and a potential fine of up to $25,000, and the sentence could be enhanced to 14 years. (Doc. 92, at 1-2).

    Plaintiff's admission of guilt and the circumstances surrounding it are probative of whether Plaintiff in fact battered Officer Fico in the seconds before the officer struck Plaintiff in the face. Such evidence is certainly relevant since the jury must decide whether the officer used more force than was reasonably necessary under the circumstances. If Officer Fico employed force in response to being battered by Plaintiff (for example, if he struck Plaintiff after being kicked in the groin), then the jury may conclude that more force was necessary and reasonable than if the officer acted without provocation. To the extent that Plaintiff's statements during the guilty plea proceeding and the circumstances surrounding them shed light on whether Plaintiff in fact battered Defendant Fico – and how and when he did so – these statements are relevant.[3]

    Moreover, Plaintiff's statements during the guilty plea proceeding are relevant to his truthfulness to the extent that the statements are inconsistent with statements made under oath during his deposition or at trial.

    Finally, Defendants intend to cross-examine Plaintiff concerning the factual basis for his guilty plea. While Plaintiff stood before the judge, the prosecutor stated that, if the case proceeded to trial, Officer Fico would testify that Plaintiff "kicked Officer Flacco (sic) in the groin with both feet as Officer Flacco opened the rear side door to let [Plaintiff] out of the vehicle." Immediately after this, Plaintiff's counsel stated: "Stipulate that this would be the State's proof." (Doc. 89-2, at 7). Plaintiff argues that the stipulated factual basis cannot be used for impeachment since he was not placed under oath and did not swear to the factual basis. As a result, he says, the plea of guilty only "constitutes an admission of every fact alleged in [the] indictment." *People v. Henderson*, 95 Ill. App. 3d 291, 296, 419 N.E.2d 1262, 1265 (3d Dist. 1981); *People v. Gray*, 406 Ill. App. 3d 466, 473, 941 N.E.2d 338, 344 (1st Dist. 2010). Plaintiff notes that the indictment

**STATEMENT**

states only that he "kicked Officer Fico about the body," and not that he kicked him in the groin. (Doc. 89, at 3).

Defendants disagree and say Plaintiff has "wildly misconstrued" the cited cases, which are "readily distinguishable." (Doc. 92, at 2-3). Specifically, Defendants note that both cases involved "witnesses in a criminal trial who had previously pleaded guilty to acts allegedly involving the defendant." (*Id*. at 3). *See Henderson*, 95 Ill. App. 3d at 294-96, 419 N.E.2d at 1265-66 (witness/accomplice's confession to theft did not constitute a judicial admission as to the accuracy of an officer's expected statement implicating the defendant in the theft, which was collateral to the guilty plea); *Gray*, 406 Ill. App. 3d at 473-74, 941 N.E.2d at 344-45 (trial court erred in permitting the prosecutor to testify at Gray's murder trial that Gray's girlfriend, who had pled guilty to illegal gun possession, admitted to the collateral fact of giving the gun to Gray). Defendants also complain that Plaintiff has ignored the principle of an implied admission which was raised in both *Henderson* and *Gray*. *See, e.g., Henderson*, 95 Ill. App. 3d at 296, 419 N.E.2d at 1266 ("An implied admission may arise where an accused would ordinarily deny an imputation.").

Unlike in *Henderson* and *Gray*, Plaintiff himself pled guilty to aggravated battery based on his kicking Officer Fico in the groin. Moreover, Plaintiff testified under oath during his deposition that as part of his plea, he "[a]dmitted to kicking [Officer Fico] in the groin." Tr. 70. Since Plaintiff understood that he made this admission as part of his guilty plea, Defendants have a sufficient basis for cross-examining him on this point and offering the factual basis as an admission of a party opponent. Of course, Plaintiff will be free to explain to the jury the reasons for his statements and actions.

    B.    <u>Other Felony Convictions</u>

Plaintiff's 2008 conviction for possession of a controlled substance is also relevant and admissible at trial. At his deposition, Plaintiff claimed that he was not in fact guilty of the 2009 aggravated battery charge, but that he had pled guilty to it because he had violated the terms of his probation for the 2008 drug conviction, and thought he would serve less time in prison with a guilty plea. Since Plaintiff injected this conviction in order to try to explain away his guilty plea to the aggravated battery charge, Defendants may cross-examine him about these statements and the conviction in order to attack his truthfulness. The parties may only refer to the drug conviction as a "felony conviction," (and the Court is excluding the remaining felony convictions), so the probative value will not be substantially outweighed by the danger of unfair prejudice.

This Court is barring Defendants from seeking to impeach Plaintiff under Rule 609 with evidence of his convictions for: armed robbery in 2002; possession of a controlled substance in 2005; and domestic battery in 2003. The incremental probative value of these convictions is minimal compared with the potential for unfair prejudice to Plaintiff.

10.    <u>Motion to Bar Evidence or Reference to Circumstances of Plaintiff's Intake Process to Cook County Jail [72]</u>

This motion is denied for the reasons stated in open court. Defendants may question Plaintiff regarding the fact that he falsely told Cook County Jail personnel that he suffered from a mental illness in order to receive more favorable placement.

11.    <u>Motion to Bar Argument or Evidence of Witness Efrain Nunez's Criminal Convictions and Arrests [64]</u>

**STATEMENT**

  This motion is granted in part and reserved in part. Defendants agree not to mention Nunez's misdemeanor convictions, including a 2008 criminal damage to property conviction, or his 1998 felony conviction for manufacture/delivery of a controlled substance. Evidence of Nunez's arrests is excluded unless the door is opened at trial. Defendants will present evidence confirming that Nunez's 1999 conviction for unlawful use of a weapon is less than 10 years old prior to seeking to have it introduced at trial.

12. <u>Motion to Bar Argument or Evidence of Witness Efrain Nunez's Pending Criminal Case [73]</u>

  This motion is granted without objection.

13. <u>Motion to Bar Argument or Evidence that Plaintiff was Intoxicated [65]</u>

  This motion is denied for the reasons stated in open court. Plaintiff admits that he was drinking on the evening in question, but denies that he was intoxicated. The ER physician who treated Plaintiff on March 21, 2009, however, states that he was "clinically intoxicated." This evidence is relevant to Plaintiff's credibility, his ability to remember events, his allegedly combative behavior, and the reasonableness of the force employed by Officer Fico.

14. <u>Motion to Bar Argument or Evidence or Mention of Inflammatory Terms Including "Drunk" "Wasted" and the Like [66]</u>

  This motion is granted as to the term "wasted," but denied as to the terms "drunk," "severely intoxicated," and "inebriated."

15. <u>Motion to Bar Argument or Evidence About Plaintiff's Child Support Responsibilities [74]</u>

  This motion is granted without objection.

16. <u>Motion to Bar Argument or Evidence About Plaintiff's and Witness Efrain Nunez's Alleged Gang Affiliation [67]</u>

  This motion is granted for the reasons stated in open court. Any probative value the evidence may have to provide context for the events in question or to show witness bias is substantially outweighed by the danger of unfair prejudice to Plaintiff if the jury hears that he and/or Nunez are gang members or involved in gang activities. In addition, there is insufficient evidence that Plaintiff was a gang member at the time of his arrest.

17. <u>Motion to Bar Argument or Evidence Regarding Funeral Plaintiff Attended Hours Before his Arrest [75]</u>

  This motion is granted for the reasons stated in open court and with respect to motion in limine no. 16. Neither party may mention the funeral or any related deaths.

18. <u>Motion to Bar Argument or Evidence Regarding Plaintiff's 2004 Car Accident [68]</u>

  This motion is granted unless Plaintiff testifies at trial regarding facial fractures.

20. <u>Motion to Bar Argument or Evidence of Tequila Bottle Allegedly Inventoried by Defendant Officers</u>

[69]

This motion is granted only in that Defendants may use two as opposed to three photos of the tequila bottle. The motion is otherwise denied.

21. <u>Motion to Bar Argument or Evidence or Reference to Plaintiff's Tattoos [70]</u>

This motion is granted without objection.

**Defendants' Motions in Limine [71]**

1. <u>Motion to Bar Testimony or Argument by Plaintiff Inconsistent with the *Heck* Doctrine</u>

This motion was withdrawn and is denied as moot.

2. <u>Motion to Bar Plaintiff from Presenting Evidence of a "Code of Silence"/"Blue Wall" or that Chicago Police Officers Generally Protect Other Officers or Fail to Intervene in the Misconduct of Other Officers</u>

This motion is granted as to evidence of a "code of silence" or "blue wall," but is otherwise denied.

3. <u>Motion to Bar Testimony/Evidence of Allegations of Controversial, Unconstitutional, Illegal or Questionable Conduct by Other Officers to People Who are Not Parties to this Case</u>

This motion is granted as to evidence of misconduct by any police officer other than Defendants Fico and Simon. If Plaintiff wants to introduce evidence involving the actions of some other officer on March 20, 2009, he must obtain prior approval from this Court. The motion to exclude evidence of conduct by Officers Fico and Simon towards individuals other than Plaintiff is denied, but once again, Plaintiff must front such evidence with the Court prior to eliciting it.

4. <u>Motion to Exclude Non-Party Witnesses from Courtroom</u>

This motion is granted without objection.

5. <u>Motion to Bar Argument that City Should be Punished or Sent a Message</u>

This motion is granted.

6. <u>Motion to Bar Evidence of Settlement Negotiations</u>

This motion is granted without objection.

7. <u>Motion to Bar Implication/Testimony/Argument that Police Officers are Paid to Appear in Court to Testify and/or are Professional Witnesses</u>

This motion is granted without objection to the extent it seeks to bar evidence that Chicago Police Department personnel are paid to appear in court to testify. The motion is denied as to evidence that police officers are professional witnesses. The Court will consider any objections to such evidence in the context of

**STATEMENT**

trial.

8. <u>Motion to Bar Evidence of Other Excessive Force or Failure to Intervene Claims, or Other Civil Lawsuits Against Defendants</u>

This motion is denied. Plaintiff stated that he does not anticipate offering such evidence at trial, but if he decides to do so, he must front it with this Court for prior approval.

9. <u>Motion to Bar Testimony or Argument that Police Officers were Involved in a Conspiracy or that Police Officers Conspired to Violate Plaintiff's Rights</u>

This motion is granted insofar as it seeks to preclude generalized testimony regarding a conspiracy. The motion is otherwise denied, and the Court will rule on any related objections at trial.

10. <u>Motion to Bar Argument that Defendants Failed to Call Certain Witnesses</u>

This motion is denied, but no party should make such an argument without fronting the issue with the Court.

11. <u>Motion to Bar Argument of Failure to Provide Medical Care or Delay in Providing Medical Care</u>

This motion is granted in part and denied in part as stated in open court. Plaintiff may testify regarding his pain and its duration, and the nature of the medical treatment he received. Plaintiff may not state that the pain was exacerbated by Defendants' delay in providing him medical care.

12. <u>Motion to Bar Argument that Defendants Delayed Trial</u>

This motion is granted without objection.

13. <u>Motion to Bar Questioning in *Voir Dire* Seeking to Condition Jurors to Award High-Dollar Verdicts or Probe the Amount of Money a Juror would be Likely to Award, as Well as Any Comment in Which Jurors are Asked to Consider How Much Money they would Accept in Exchange for an Experience Akin to that Alleged by Plaintiff</u>

This motion is denied. The parties may submit proposed *voir dire* questions, and the Court will consider any objections to them prior to jury selection.

14. <u>Motion to Bar Evidence of or Argument that the Use of Force by Fico is Not Consistent with Training, or that Defendants Failed to Follow General Orders, Rules, Regulations, or Proper Police Procedure</u>

This motion is granted in part and denied in part. Defendants seek to bar evidence implying that Officers Fico or Simon violated any Chicago Police Department ("CPD") general orders, rules, regulations or procedures. The Seventh Circuit has held that such evidence is "immaterial as to the question of whether a violation of the federal constitution has been established," *Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006), and this portion of the motion is granted. Defendants, however, simultaneously seek to admit Exhibit 45, a Use of Force Model, and have Officer Fico testify "for informational purposes" that the CPD guidelines currently allow the use of open-hand strikes and emergency take-down procedures. Plaintiff

objects that Defendants should not be allowed to testify that they followed their training procedures with respect to the use of force if Plaintiff cannot cross-examine them about other unidentified and potentially relevant orders and regulations that may not have been followed.

At a hearing on June 8, 2012, the parties accepted this Court's proposal to allow witnesses to be questioned about general orders, rules and regulations that are sufficiently related to the issue of excessive force, including the Use of Force Model, as long as they will not be admitted into evidence and the jury will be given limiting instruction 7.04. With the exception of the Use of Force Model, the parties must obtain approval from the Court prior to discussing any other orders, rules or regulations at trial. The Court also denied Defendants' request to use Exhibit 45 as a demonstrative exhibit.

15. <u>Motion to Bar Mention that Defendants' Counsel Work for City of Chicago</u>

This motion is granted without objection.

16. <u>Motion to Bar Evidence of Defendants Being in Specialized "Aggressive" Units or Doing "Aggressive Policing," or to Question the Propriety of Plaintiff's Arrest for Drinking on the Public Way</u>

This motion is granted in part and denied in part. Plaintiff may not question the propriety of his arrest for drinking on the public way, or insinuate that he was arrested without probable cause. Plaintiff may question Defendant Officers regarding "aggressive policing," but the Court cautions that this could open the door to the Officers testifying about the context in which Officer Fico used the term "aggressive policing" and what this means.

17. <u>Motion to Bar Evidence of New Superintendent and Formation of Independent Police Review Authority</u>

This motion is granted without objection.

18. <u>Motion to Bar Evidence of Indemnification by City</u>

This motion is denied to the extent Defendants plead poverty or inability to pay an award of compensatory damages, but is otherwise granted.

19. <u>Motion to Bar Lay Testimony Regarding Plaintiff's Injuries</u>

This motion is granted in part and denied in part. Plaintiff may offer lay witness testimony regarding the symptoms he experienced and/or continues to experience, including loss of consciousness, pain and bleeding to his face, and a swollen lip, cheek and nose. Plaintiff may not offer lay witness testimony that he has specific long-term injuries caused by Defendant Fico, nor may he offer medical conclusions or prognoses.

20. <u>Motion to Bar Argument of Racial Animus</u>

This motion is granted as stated in open court. Plaintiff may not argue racial animus in his opening statement. If Plaintiff believes the trial testimony opens the door to such evidence, he must front it with the Court before presenting it to the jury. Plaintiff is cautioned that any suggestion that Officer Fico acted out of

racial animus may open the door to Officer Fico testifying about the reasons that he chose to stop Plaintiff and Mr. Nunez and arrest them for a minor offense.

21. <u>Motion to Bar Evidence of or Argument Concerning Plaintiff's Family Members' Pain, Grief, Suffering Due to Plaintiff's Injuries</u>

This motion is granted. Evidence of how Plaintiff's family members felt when they observed Plaintiff's injuries is irrelevant.

22. <u>Motion to Bar Improper Testimony or Reference by Witness Nunez to Fico as "Violent," to Fico "Taking it Out On" or "Getting His Frustration Out On" Montanez, or to Fico Being a "Boxer"</u>

This motion is granted in part and denied in part. Mr. Nunez may testify as to what he saw and heard, but he may not describe Officer Fico as "violent" or say that he used to be a boxer or looks like a boxer. Mr. Nunez also cannot speculate as to why Officer Fico acted the way he did, such as that he was "getting his frustration out on" or "taking it out on" Plaintiff.

23. <u>Motion to Bar Plaintiff's Counsel from Creating Adverse Trial Publicity Against Defendants</u>

This motion is granted without objection.

24. <u>Motion that Once a Witness is Called to Testify, No Attorney Shall Confer with that Witness About His or Her Trial Testimony Until the Termination of the Testimony</u>

This motion is granted without objection.

---

1. That response said, however, that Plaintiff "does not dispute that the court may provide instructions to the jury that the facts underlying Plaintiff's criminal conviction may not be contested...." (Doc. 85 at 7).

2. Defendants informed the Court during the Final Pretrial Conference that they "do not intend to invoke the Heck doctrine and limit the plaintiff in any way from saying whatever he wants to say about the conviction." Tr. 6/8/2012, at 153. Defendants made this decision after the Court ruled that they are free to introduce into evidence Plaintiff's 2009 Aggravated Battery conviction, including the factual basis for that plea and the circumstances surrounding it.

3. Defendants argue that the evidence they will introduce is probative of Plaintiff's state of mind and belief in his own guilt. If he did not believe in his own guilt, they argue, he would not have said he was guilty of committing an aggravated battery that he knew carried a minimum sentence of 3 years (maximum of 14 years), and given up his right to trial.